May it please the court. I'm Erin Rust. I am here for the defendant and appellant, Mr. Justin Sain. I would like to reserve three minutes for rebuttal. If the district court had not made a factual finding that the gun was possessed in connection with drug distribution, Mr. Sain would not be serving a 10-year sentence. The mandatory minimum was applied in this case based entirely on judge-found facts. Well, the mandatory minimum kicked in because of the drug quantity found by the jury, correct? The mandatory minimum is initially triggered by the drug quantity, that is correct. And jury found that? This was a plea agreement, Your Honor, so the defendant admitted that fact. Right, got it. And so, this is more in the nature, the safety valve is more in the nature of something like an affirmative defense, isn't it? Than an element? Your Honor, our briefing focuses almost entirely on, not almost entirely, but substantially on the question of how the law regarding affirmative defenses applies here. And when we look at Apprendi and Allain, specifically Apprendi, what the court says is any fact necessary to application of a mandatory minimum must be proved to a jury. The issue here that the court has pointed out is that the safety valve in effect, the way it acts right now, is that it removes a mandatory minimum. But in Apprendi, the Supreme Court pointed us directly to this affirmative defense question and the Mullaney-Patterson burden shifting case law. Footnote 16, I believe, of that case says, when we're looking at a statute that shifts the burden of proof, that requires the defendant to prove that he is not eligible for a mandatory minimum, then we need to look at whether or not that would be constitutionally sound under Mullaney and Patterson. And here, the drug statute functions in essentially the same way that the main murder statute functioned in Mullaney, which is... I'm not quite seeing that. I mean, the safety because low-level drug offenders could often not provide sufficient evidence or sufficient assistance to qualify for 3553E. So it doesn't really seem to me that it has anything to do with shifting of a burden of proof. It's just another way you could get below the mandatory minimum in addition to providing the kind of assistance that 3553E contemplates. Is that not... Am I correct in my understanding of how the safety valve comes into play? Your Honor, yes, I believe so. The safety valve, which is at 3553F, Congress told us specifically why the safety valve was created. And the reason was because the mandatory minimums that were triggered by drug type and quantity alone led in cases, specifically in those instances in which the offenders who markedly differed in seriousness nonetheless were receiving these severe sentences. So... Isn't that what I just said? Your Honor, the safety valve came about after the mandatory minimums. And it also... 3553E, correct? And it came about because Congress was concerned that there was no way for less serious offenders who didn't possess the sort of information that could qualify them for 3553E. It was intended to help low-level offenders get below the mandatory minimum. And I think that's precisely my point, Your Honor, is that it is intended to help us identify individuals with the least level of culpability because Congress set out those individuals as not warranting the same level of punishment as individuals with the higher level of culpability. So I don't... I guess my point is, when you look at statutorily how the safety valve came into being, I just fail to see the analogy between this case and the nature of this method of escaping the mandatory minimum. I don't see the analogy between this and the situation where the jury has defined facts that bring the person up to and within the mandatory minimum. Well, Your Honor, I think that's where Mulaney is particularly helpful for us. And Mulaney is a burden-shifting statute on culpability, the same way that the drug statute is. In this case, this was a presumed element. The court noted that the main statute presumed a sufficient level of culpability. They presumed malice aforethought based on the finding of two other specific facts, and those were intent and a killing, that a killing occurred. Once you proved intent and killing, the same way under the drug statute, once you proved drug weight, we assume a sufficient level of culpability. Then we shift over to the defendant the burden of disproving that level of culpability. And in Maine, in Mulaney, the Supreme Court said that's not sufficient because the shifting is on the exact same presumed element of culpability. And Congress, when it enacted the mandatory minimums, it told us that the reason it was setting mandatory minimums was to punish those who are more culpable. Now, they said they wanted the kingpins to have the highest tenure mandatory minimums and the middlemen to have the minimum, the median, the five-year mandatory minimums. And they tied that to drug weight. That was based on an assumption that the individuals that were the highest up in the crimes, in the criminal syndicates, would be the ones that would have the highest drug weight. When Congress passed the safety valve, they specifically said drug weight is not sufficient. It doesn't tell us the whole story. Drug weight alone is not what captures the most culpable individuals. It's capturing individuals who are less culpable. So Congress drew a line. They drew a distinction. Culpability is not an element in the apprentice sense, certainly not here, right? It's not an element. I mean, the elements are, you know, certain drug quantities, certain intent, et cetera, right? I think culpability is a presumed element. It's presumed once we get the drug quantity. The only thing that's an element that is related to culpability, and it's culpability in the individual guilty or not guilty, not relative culpability, is knowingly language. I mean, there's not anything else. I mean, we all knew what the elements of crimes were until the Supreme Court told us the quantity was also an element. So, I mean, it's not a conventional element, but it is now. The jury has to find it. But I don't know. I'm failing to see the analogy. If I may, just to step back a little bit, I'm really failing to see where this argument was made to the district court. I mean, a due process argument based in particular on apprendee or a lien, et cetera. I mean, what we're being told, the district court was not told as far as I can see. But you know the record better than I do. No, Your Honor. This specific lien-apprendee constitutional argument was not raised before the district court below. Well, it would seem like the district court didn't get a chance to go your way on this, which would seem that we would review it for plain error. And, Your Honor, I think that this would survive plain error review. Are you, I mean, you're not disputing that it's plain error review? Your Honor, in our reply brief, I noted that I think this court could conclude that our more general objection to the burden and to the application of safety valve could be. Yeah. But regardless, I think we would also survive under the plain error analysis. It's interesting. I was just going to say, I think eight circuits go the other way. Isn't that right? That was exactly what I was going to say. I mean, it's pretty hard to tell a district judge that's plain error when... Eight circuits go the other way specifically on the question of whether or not apprendee and a lien applies to facts that remove or reduce a mandatory minimum. Not a single one of those cases talked about Mullaney or Patterson. They didn't even cite either one of those cases. And the Supreme Court in Apprendi specifically tells us when we're talking about a burden shifting that we need to look at Mullaney and Apprendi. And so I... Mullaney involves elements that are clearly elements of the offense. The safety valve involves judicial fact findings of the sort that are made many, many times by district judges in determining whether guideline enhancements apply or not, or mitigating factors apply or not. The argument you are making would completely eradicate judicial fact finding in sentencing. And Elaine specifically tells us that that's not what the Supreme Court is doing. And what do you have to say to that? Your Honor, I wholeheartedly disagree with you. The statute that... The problem with the safety valve is that it is a mandatory minimum. It's erasing a mandatory minimum. The safety valve is something good for criminal defendants if they happen to meet its provisions. It's not something bad. But, Your Honor, the issue is where the burden of proving eligibility for the safety valve should fall. And it does not undo all of the judge's sentencing discretion. In this case, it really... The judge's decision did not hinge on where the burden lay. And regardless of where the burden lies, the result could easily be the same. So I don't... I don't think that we can make that assumption, Your Honor. If the burden was properly placed on the government to prove beyond a reasonable doubt, we can't assume that the court would come to the same conclusion. And we certainly can't assume that a jury would come to the same conclusion. Even if the court disagrees with me on the question of burden shifting, whether or not the safety valve burden is an affirmative defense or not, Mr. Sane never had the opportunity to present that affirmative defense to a jury. He did have the opportunity to present his argument to the judge, and he chose not to. Can I ask you just a quick question about the citation to United States v. Barron that the government made? Do you have a response to that? Yes, I do, Your Honor. Barron does not speak directly to this question. This court has held multiple times that cases which implicate issues that merely lurk in the record but are not brought to the attention of the court nor ruled upon do not establish binding precedent on the unexamined point. So because this question, burden shifting under Mullaney and Patterson or under Lane and Apprendi was not addressed by Barron, Barron does not bind this court. You'll have your rebuttal time. Thank you. May it please the Court. My name is Brian Samuelson, and I represent the United States. I'd like to start with the plain error standard. A long line of Sixth Circuit cases put the defendant. And every other circuit that has examined the Lane issue has concluded that a Lane does not require the government to prove safety valve ineligibility beyond a reasonable doubt to a jury. So the district court, which was not presented with this argument below, did not plainly err no matter the merits of the underlying Lane argument. The question really isn't about burden shifting, it would seem. I mean, if it's an Apprendi issue, the question is who needs to make the requisite finding. And it would seem that the burden shifting is just sort of a proxy for determining whether we're talking about an element or something that's not an element. And so the question here is whether somehow this sort of, the gun was not possessed in relation to the drug offense, whether the absence of that fact is an element. Yes, Your Honor, and that brings me to the second point I'd like to make, which is... Would you agree with that? I mean, it's not about, do you think it's about burden shifting? You know, whether Apprendi applies, turns out burden shifting? No, Apprendi, the rule from Lane and Apprendi is a fact is an element of a crime that needs to be proved to a jury beyond a reasonable doubt if it changes the sentencing range so as to aggravate that sentencing range. And that's really the question here. And there's a difference between factors that aggravate a sentencing range and factors that mitigate a sentencing range. You know, I mean, you might put it more narrowly and say it's a fact necessary to the imposition of a higher sentence, right? Because the safety valve changes the range, changes the sentence. Yes, Your Honor. So the question, as you say, is whether the fact, whether facts and aggravation of the punishment are elements of the offense that need to be proved to a jury. Facts that allow the sentencing judge to escape a mandatory minimum are, don't implicate the same constitutional concerns. And in the footnote 16 of Apprendi, the court makes that distinction between facts and aggravation and facts and mitigation. And it offers an example quite similar to the case we have here. It posits the example of a defendant that's found guilty of murder and is facing the statutory maximum. The court says if the judge finds, as a matter of judicial fact finding, that that defendant is a war veteran and is entitled to leniency, that does not implicate the Sixth Amendment. Because that finding doesn't expose the defendant to more punishment than the jury verdict alone. And it doesn't impose any greater stigma than that accompanied by the verdict. And that's quite similar to what we have here. Every element necessary to trigger the mandatory minimum is found by the jury, or in this case the guilty plea. And all the judge can do is possibly reduce the range of punishment by making the necessary findings. We had a drug statute that said anybody convicted of selling methamphetamine shall be sentenced to no less than 20 years unless the judge finds that the quantity at issue is less than 50 grams or whatever. Would that finding, the 50 gram finding, above or below, would that need to be found by a judge or jury, do you think? That one might need to be found by a jury depending on the specific wording in the statute. Seems similar to here. I mean, this says if you find these particular facts, you shall reduce. Well, it says that the judge shall sentence the defendant without regard to the mandatory minimum. It does not mandate a lesser punishment. Far away, which, you know, Alain tells us that's changing the range in a manner that triggers that line of authority. Well, Alain says that a fact that raises the mandatory minimum triggers that line of authority that would require a fact finding by a jury beyond a reasonable amount. But again, a finding that removes the floor does not necessarily trigger that. So you would disagree with what you initially said, I mean, right? I mean, you initially were thinking that a jury would have to find this 50 gram business to get out from the baseline of 20 years. Well, Your Honor, I said that in the context of the current drug statute already sets out sort of escalating mandatory minimums. I was just talking about my hypo though. If you take away that other context, I agree that that looks more like a mitigating factor that a judge could find. In terms of whether that burden was met here, I think that is an issue that gets reviewed for clear error. And the judge had ample facts to make the finding that it did that the gun was possessed in connection with the drug trafficking here. The gun was loaded. It was in easy reach. So if the court reaches that question of whether the judge made the appropriate findings of the record, I would say that he did not clearly err by making those findings. And with that, if there are no other questions, I'm happy to rest on my briefs. If I could just follow up on one point that the government just raised. Your client pled guilty. As I understand your complaint here, your argument, it's that a jury needed to find that the gun was related in order to impose the mandatory minimum. But I mean, how would this happen since your client pled guilty? Your Honor... And his guilty plea triggers a mandatory minimum. First, Your Honor, the plea agreed that any sentence that was legally valid would be an appropriate sentence. So it does not foreclose the question of what is a legally appropriate sentence or a legally valid sentence. But how would this jury finding happen? I think that Mulaney and then the Supreme Court also in its Dixon case suggested essentially a burden shifting. That the defendant would have the burden of production to raise the issue in the first place. And then the government would be required to prove the actual aggravating factor. What you would have need to have said to the district court during the sentencing hearing is slow down, Your Honor. We actually need to have a trial on the question whether my client possessed the .44 Magnum in connection with this drug crime. And Your Honor, state courts do this regularly with respect to the death penalty statutes where they have a bifurcated trial on the initial guilt phase and then they also submit to the jury necessary aggravating facts which must be proved to support the death penalty. I haven't looked at the Rule 11 colloquy, but presumably your client waived his right to trial by jury. And that means he waived the right to have a jury find all the elements of the offense beyond a reasonable doubt. And if you're right that this is an element of the offense, he's already waived it. Your Honor, two responses to that. He admitted the three elements that are noted in the plea agreement. He did not admit that he was not eligible for or did not meet the safety valve factors. Also, the Supreme Court class case, I think, addresses this question of a plea agreement. But, I mean, just to stay on Judge Gibbons' point for a moment, she's, her point, as I said, is a jury trial. And with that, is any entitlement to a jury finding on this particular issue? Now, somebody's got to make a determination and he hasn't admitted it, but he's waived his putative right to have a jury decide this when he waives a jury trial. Your Honor, I think the class case says the opposite. The Supreme Court's class case says that a plea agreement does not waive constitutional arguments as to the underlying statute. They waive constitutional rights all day long. And she's suggesting that the right to a jury trial is waived categorically for your client. You're saying, I mean, just what I'm saying is that this is an element of the offense, which is the status it would achieve under a lane. Your client's already waived his right to have a jury determine the elements of the offense. Your Honor, the class case says that he has not waived his right to challenge the constitutionality of the statute that he has, is pleading guilty to. Absent, now the Supreme Court said if in the plea agreement he net specifically waived his right to appeal constitutional issues, then that would be sufficient to waive them. What is a guilty plea but a giving up of constitutional rights, including the right to have the jury determine the elements of the offense? Your Honor, I see I'm on read, but I would like the opportunity to respond if I may. Your Honor, what Mr. Sane pled guilty to was the offense of being a member of a drug conspiracy. And he admitted that there was at least 50 grams of methamphetamine involved. But he did not waive his right to ask for the safety valve factors. And he did not waive his right to... And he did ask. But he just, he did waive his right. He just lost. He did. He got, you know, there was back and forth and the court makes a finding. But he does waive his right to a jury determination on that when he waives a jury trial. Even if this court were to conclude that, we still get to the question of who had the properly placed upon the government because the safety valve factors and drug weight both go to the same presumed element of culpability. And culpability is the only factor that Congress has pointed to as what justifies the increasing levels of the mandatory minimums. Okay. Thank you, Your Honor. We appreciate the argument both of you have given and we'll consider the case carefully. Thank you.